Van Brunt, J.
The defendant, Edward A. Lawrence, is sued as the husband of Hannah R. Lawrence, who has only a right to the income of one of the shares mentioned in the will of Rachel Miller; and it is •claimed that this, being the separate property of the .defendant, Hannah R. Lawrence, in which he as her husband could have no interest, that he is not a proper party to the action.
By section 7 of the act of March 20, 1860, relating to the rights and liabilities of husband and wife, it is provided that any married woman may, while married, sue and be sued in all matters having relation to her property, which may be her sole and separate property, in the same manner as if she were sole ; and the de *107 cisions have been uniform, that in all actions relating to the separate estates of married women, their husbands should not be joined. It seems to have been settled by the court of appeals, in the case of Noyes v. Blakeman, 6 N. Y. [2 Seld.], 567, that such an interest as Hannah R. Lawrence has acquired, under the will of Rachel Miller, is not either property, nor is it in any sense an estate, but is merely.an equitable right, which she can enforce against the trustee, and which she is incapable of assigning or disposing of. If such interest is not to be considered as her separate property, as the case cited seems to indicate, then the provision of the law of 1860 does not apply, and her husband is a proper party to any action brought in respect to it.
The defendants, Henry E. Lawrence, and Prances E. his wife, and Theodore Townsend, general guardians of the infant defendants, have also demurred to the complaint, upon the' ground that the complaint does not contain facts sufficient to constitute a cause of action against them. It is to be noticed that it is not pretended that the plaintiff has any cause of action against them, or either of them individually, and the demurrer seems to be based upon the ground that no recovery against the personal estate represented by the general guardians can be had in this action.
Por the purpose of disposing of this demurrer, I do not think it at all necessary to consider this question, because, if any cause of action calling for any relief whatever, as to which the guardians should be heard, is made out by the complaint, the demurrer must be overruled. It seems to have been conceded that the plaintiff has some equitable rights against the premises or trustee, and if any equitable lien is to be established by means of this action against the share of the infant defendants, the guardians are necessary parties, because they are not only entitled to receive *108 the share of all income of the infants arising from the real estate, but are also supposed to. be in joint possession thereof with the trustee; and if this income is to be burdened in any way, or this possession is to be disturbed, they undoubtedly have the right to be heard upon that question; and no court would make any decree or judgment in their absence.
I do not deem it necessary to determine whether the guardians had any right to use their wards’ money for the improvement of their real ertate, or how far they may be estopped by their assent to the contract mentioned in the complaint, because it seems to me that under the complaint the plaintiff might make out such a case as would justify the court in giving him some security for the debt upon the premises improved by his expenditures, although I much doubt if it would take any part of the other estate of the infants to liquidate any such claim.
The defendant, Hannah S. Lawrence, as administratrix of William E. Lawrence, deceased, has also put in a general demurrer.
She is undobubtedly a proper party; because if the court upon the trial of this cause should hold that the contract made by the plaintiff with Lawrence as trustee should not be ratified, and that Lawrence had no power to make any such contract, then Lawrence would be held individually liable for the amount due the plaintiff, and the court would give judgment accordingly against his administratrix.
The demurrer must be overruled.